UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAR -8 P 2: 37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ANDREA BELL,<br>    Plaintiff | * <br> * <br> * |
| v. | *    CIVIL ACTION NO. 2:06cv223-SRW |
| | * |
| O'REILLY AUTOMOTIVE, INC.,<br>    Defendant. | *    *JURY TRIAL DEMANDED*<br> * |

## COMPLAINT

**COMES NOW** the Plaintiff, Andrea Bell, by and through counsel, and hereby complains against the defendant as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper pursuant to federal question jurisdiction over claims brought under 28 U.S.C. § 1331, 28 U.S.C. §2201-2202, Title VII of the Civil Rights Act of 1964, more particularly, 42 U.S.C. §§2000e(k), 2000e-2, and 2000e-5, *et.seq.* (as amended), and 42 U.S.C. §1981a.

2. The plaintiff filed a charge of discrimination with the Equal Employment Opportunity on or about June 29, 2005. The Commission has been contacted by the plaintiff on several occasions. The plaintiff, through her legal counsel, has formally requested a right to sue letter on two occasions. No right to sue letter has been forthcoming. Six calendar months have past since the filing of the charge of discrimination.

3. All causes of action enumerated herein and all claims made by Plaintiff arose in the Middle District of Alabama.

### PARTIES

4. Plaintiff Andrea Bell (hereinafter, "Bell") is a resident of Montgomery County, Alabama,

over the age of Nineteen (19) years, and was employed by defendant O'Reilly Automotive Inc., (hereinafter, "the employer" or "O'Reilly") at all times material hereto.

5. Defendant O'Reilly, is a Missouri corporation doing business in Alabama, with a place of business 233 S. Patterson Street, Springfield, Missouri. Defendant's registered agent for purposes of service of process is Jay Burroughs, O'Reilly Auto Parts #948, 3012 University Drive, Huntsville, Alabama 35816.

## NATURE OF THIS ACTION

6. This is a proceeding for a declaratory judgment as to Bell's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Bell because of her sex, and from subjecting her to disparate treatment with respect to promotion, compensation, benefits, and privileges of employment. The Complaint also seeks restitution to Bell of all rights, privileges, benefits and income that would have been received by her but for the defendant's unlawful and discriminatory practices. Further, Bell seeks compensatory and punitive damages for her suffering as a consequence of the wrongs alleged herein.

7. Bell avers that the defendant acted to deny Bell her rights under the laws of the United States of America and such action was designed to discriminate against her, a female.

8. Bell avers that the defendant's actions were designed to prevent her and other similarly situated females from obtaining an equality with non-protected group members, males, in pay, benefits and treatment.

9. As a proximate result of the illegal actions alleged above, Bell has been damaged in that she has been deprived of pay and benefits, as well as caused to suffer great humiliation and mental anguish from then until now.

10. Bell avers that the defendant's unlawful actions were intentionally and knowingly undertaken with the intent to discriminate against her due to her sex, female.

11. This action is brought to claim equitable relief and compensatory and punitive damages of the defendant for sex discrimination.

## FACTUAL ALLEGATIONS

12. Bell expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

13. Bell was at all times material hereto employed by the employer as a delivery specialist.

14. As of June 29, 2005, Bell was approximately eight months pregnant.

15. On or about June 29, 2005, Bell was terminated by the manager of the store Mr. Chris McClem. At all times during her employment Bell performed the functions of her job to the reasonable expectations of the employer.

16. Mr. McClem directly told Bell at the time of her termination that she was being terminated because Bell was pregnant. Mr. McClem told Bell that he was not sure how much longer Bell would be able to work there and that he was concerned that she might hurt herself because of her pregnancy.

17. As a direct and proximate consequence of the conduct of the employer, Bell has been caused to suffer great embarrassment, humiliation, mental anguish and emotional distress from then until now. She has suffered a loss of pay and benefits and the opportunity to earn more pay and benefits.

## COUNT I – SEX DISCRIMINATION

18. Bell expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

19. Bell is a member of a protected group in that she is a female; at all times material hereto, she was also pregnant.

20. Bell was highly qualified for the job she held and was performing her duties in accordance with the reasonable expectations of the employer.

21. Bell's job remained open.

22. The job was filled by a person in a non-protected class (non-pregnant) of no greater qualifications than Bell.

23. Bell's termination was effected because of her sex, female, and her sexual status, pregnant, in violation of the Pregnancy Discrimination Act codified as a part of 42 U.S.C.A. § 2000e(k). All other proffered reasons were merely pretextual.

24. Bell was damaged thereby as set forth hereinabove.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Bell demands judgment in her favor and against the defendant as follows:

A. Bell prays that the Court will enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended;

B. Bell prays that the Court will permanently enjoin the defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

C. Bell prays that the Court will order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation

of applicable law:

D. Bell demands Compensatory damages of Three Hundred Thousand Dollars ($300,000) as a consequence of her mental anguish and emotional distress;

E. Bell demands Punitive damages of the defendant in an amount to be determined by the trier of facts;

F. Bell prays that the Court will grant such other, further and different relief as to which she may be entitled, including such equitable relief as back pay and front pay as she would have earned absent the wrongful acts of the defendant;

G. Bell prays that the Court will grant her the cost of this action including reasonable attorney's fees;

H. Bell prays that the Court will enjoin the defendant from any retaliation against her for having brought this action.

RESPECTFULLY SUBMITTED on this the ___1st___ day of March, 2006.

_____
ANDY NELMS (NEL022)
JAY LEWIS (LEW031)
Attorneys for Plaintiff.

LAW OFFICES OF JAY LEWIS
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
j-lewis@jaylewislaw.com

## PLAINTIFF DEMANDS A TRIAL BY JURY

Defendant may be served at the following address:

THE CORPORATION COMPANY
2000 INTERSTATE PARK DR  STE 204
MONTGOMERY, AL  36109