UINTED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANDREA BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-00223-SRW |
| | ) | |
| O'REILLY AUTOMOTIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER**

Defendant O'REILLY AUTOMOTIVE, INC. ("O'Reilly) states the following for its Answer to Plaintiff's Complaint.

1. O'Reilly admits that this Court has jurisdiction over Plaintiff's claims, although O'Reilly denies that Plaintiff is entitled to recover any damages whatsoever, including but not limited to any recover under any of the statutes cited, and demands strict proof thereof.

2. O'Reilly admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 1, 2005. O'Reilly further admits that the EEOC issued Plaintiff a right-to-sue letter on February 6, 2006, pursuant to her request. O'Reilly is without sufficient information to form a belief as to the remaining allegations but to the extent a response is required, O'Reilly denies these allegations and demands strict proof thereof.

3. O'Reilly admits that venue is appropriate in the Middle District of Alabama inasmuch as Plaintiff's claims, which O'Reilly denies and demands strict proof thereof, purportedly arose therein.

**Parties**

4. Admitted.

5. O'Reilly denies that Jay Burroughs is O'Reilly's registered agent to receive service of process in Alabama and demands strict proof thereof. O'Reilly admits the remaining allegations of this paragraph.

6. This paragraph merely characterizes Plaintiff's claims in this action and as such, requires no response from O'Reilly, but to the extent a response is required, O'Reilly denies these allegations and demand strict proof thereof.

7. O'Reilly denies these allegations and demands strict proof thereof.

8. O'Reilly denies these allegations and demands strict proof thereof.

9. O'Reilly denies these allegations and demands strict proof thereof.

10. O'Reilly denies these allegations and demands strict proof thereof.

11. This paragraph merely characterizes Plaintiff's claims in this action and as such, requires no response from O'Reilly, but to the extent a response is required, O'Reilly denies these allegations and demand strict proof thereof.

**Factual Allegations**

12. O'Reilly restates its answers to paragraphs 1 through 11 as if fully set forth herein.

13. Admitted.

14. Admitted upon information and belief.

15. O'Reilly admits that Bell was terminated on June 25, 2005. O'Reilly denies the remaining allegations and demands strict proof thereof.

16. O'Reilly denies these allegations and demands strict proof thereof.

17. O'Reilly denies these allegations and demands strict proof thereof.

### Count One – Sex Discrimination

18. O'Reilly restates its answers to paragraphs 1 through 17 as if fully set forth herein.

19. Admitted.

20. O'Reilly denies these allegations and demands strict proof thereof.

21. O'Reilly denies these allegations and demands strict proof thereof.

22. O'Reilly admits that an individual who was not pregnant was hired as the Delivery Specialist after Plaintiff's termination. O'Reilly denies the remaining allegations and demands strict proof thereof.

23. O'Reilly denies these allegations and demands strict proof thereof.

24. O'Reilly denies these allegations and demands strict proof thereof.

### Affirmative Defenses

1. O'Reilly denies each averment in the Complaint that is not specifically admitted or otherwise controverted and demands strict proof thereof. O'Reilly denies any averments contained in the preamble, prayer, or in any other parts of the Complaint.

2. Plaintiff was not subjected to the conduct complained of in O'Reilly's workplace and hence, may not recover.

3. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

4.   Plaintiff's claims are barred, in whole or in part, by one or more of the doctrines of laches, estoppel, unclean hands, waiver, mistake, and/or fraud.

5.   Plaintiff, in whole or in part, failed to mitigate her alleged damages and therefore, is precluded from recovery. In the alternative, O'Reilly avers that amounts earned that are capable of being earned with reasonable diligence must be offset against and reduce any monetary recovery sought in the case.

6.   Plaintiff cannot demonstrate that she has incurred any damages.

7.   O'Reilly terminated Plaintiff's employment based upon *bona fide* factors other than Plaintiff's sex or pregnancy.

8.   Any and all decisions made by O'Reilly which affected the Plaintiff were based upon legitimate, nondiscriminatory reasons and reasonable reasons and not for the reasons alleged in the Complaint.

9.   Plaintiff's sex or pregnancy was not the motivating causes of O'Reilly's employment decision because O'Reilly would have made the same employment decision even if had considered Plaintiff's sex or pregnancy.

10.   O'Reilly acted in a good faith attempt to comply with applicable law by adopting policies and procedures designed to prohibit discrimination in the workplace.

11.   Any decisions made by O'Reilly which allegedly affected the Plaintiff were consistent with and made as a result of business necessity.

12.   Plaintiff failed to follow appropriate directions in the performance of her duties when employed by O'Reilly.

13.   Plaintiff failed to satisfy the prerequisites, jurisdictional or otherwise, for the maintenance of her claims for alleged Title VII violations.

14. Plaintiff has failed to satisfy the administrative prerequisites to filing suit under Title VII.

15. The amount of any compensatory or punitive damages that Plaintiff could recover on her Title VII claim is subject to the damage caps under 42 U.S.C. Section 1981a(B)(3).

16. Plaintiff is precluded from recovering compensatory or punitive damages under Title VII as there is no evidence of intentional discrimination and/or harassment based upon the Plaintiff's sex or pregnancy.

17. Plaintiff is precluded from recovering punitive damages under Title VII as there is no evidence that O'Reilly acted with malice or reckless indifference for the Plaintiff's rights.

18. Plaintiff is precluded from recovering punitive damages under Title VII since O'Reilly's conduct was not motivated by evil motive or intent, nor did O'Reilly's conduct involve reckless or callous indifference to the federally protected rights of Plaintiff.

19. Plaintiff is precluded from the recovery of punitive damages under Title VII, as O'Reilly made good faith efforts to comply with its obligations under Title VII, and O'Reilly pleads all defenses available under *Kolstad v. American Dental Association*, 119 S. Ct. 2118 (1999).

20. Plaintiff's claim for equitable relief may not be tried before a jury.

21. O'Reilly denies any fault on its part or on the part of any person for whom it bears legal responsibility.

22. O'Reilly denies that any conduct on its part that caused, proximately or otherwise, any of the alleged damages to the Plaintiff.

23. Plaintiff is not entitled to recover attorneys' fees in this cause.

24. Discovery has not been completed, and therefore, O'Reilly reserves the right to add additional defenses and affirmative defenses and does not waive any rights, privileges, defenses, or affirmative defenses not specifically asserted herein.

25. O'Reilly seeks judgment in its favor and costs and expenses incurred in its defense.

Respectfully submitted,

**/s/ H. William Wasden**
H. WILLIAM WASDEN     (WASDH4276)
hww@bowronlatta.com
KRISTIN T. ASHWORTH     (ASHWK4318)
kta@bowronlatta.com
Attorneys for O'Reilly Automotive, Inc.

OF COUNSEL:

BOWRON, LATTA & WASDEN, P.C.
Post Office Box 16046
Mobile, Alabama  36616
Telephone: (251) 344-5151
Facsimile:  (251) 344-9696

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 3rd day of April, 2006 served a copy of the foregoing pleading upon counsel as provided below through this Court's CM/ECF system which will provide notification as follows:

j-lewis@jaylewislaw.com

**/s/ Kristin T. Ashworth**

6