**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ANDREA BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-00223-SRW |
| | ) | |
| O'REILLY AUTOMOTIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROPOSED PROTECTIVE ORDER**

Defendant O'REILLY AUTOMOTIVE, INC. ("O'Reilly") hereby proposes the following Protective Order:

WHEREAS Plaintiff ANDREA BELL ("BELL") has requested the production of confidential documents in this matter, including the "personnel files" of O'Reilly's former or current employees who are not parties to this litigation.

WHEREAS it is the stated intent of O'REILLY to protect confidential or sensitive information regarding its current or former employees who are not parties to this litigation which are reasonably deemed by O'REILLY to be confidential or sensitive from being used for any purpose other than in the current litigation and also to prevent that information from being reviewed by or disclosed to persons not authorized under this Stipulated Protective Order (hereinafter the "Order"). Any interpretation of this Order to the contrary is rejected by O'REILLY.

THEREFORE, the following Order is entered in this matter:

1.    When used in this Order, the following words shall have the following meanings:

(a)    "Documents" means (1) all written, recorded, or graphic matter whatsoever and information produced on computer disks or tapes, including all "writings" as the term is defined by Rule 1001(1) of the Federal Rules of Evidence and (2) any copies, reproductions, or summaries of the foregoing, including but not limited to microfilmed, imaged, or electronic copies.

(b)    "Employment-Related Documents" means all records kept by O'Reilly in its usual course of business regarding its current or former O'REILLY employees who are not parties to this litigation which are reasonably deemed by O'REILLY to be confidential or sensitive, including but not limited to all notes, memoranda, correspondence, recordings, photographs, e-mails, investigations, employment applications, termination notices, reprimands, training materials, written examinations, annual reviews, drug screenings, accident reports, background checks, and any other item pertaining to any current or former O'REILLY employee who is not a party to this litigation;

(c)    "Producing Party" means any party or third person producing Employment-Related Documents, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

(d)    "Disclose" (and any variant thereof) means to show, give, make available, reproduce, or communicate any Employment-Related Documents, or any part or content thereof.

(e)    "Attorneys of Record" means attorneys of record for any of the Parties to this action, members of the firm of the attorneys of record for the Parties, and in-house attorneys who are employed by one or more of the Parties.

2.    Any Employment-Related Documents produced by the Producing Party shall be used solely for the purposes of this litigation.  Except by order of the Court, Employment-

2

Related Documents shall not be used by any party other than the Producing Party for any other purpose, including, without limitation, any business or commercial purpose.

3.      Employment-Related Documents shall not be Disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Order.

4.      Subject to the terms, conditions, and restrictions of this Order, Employment-Related Documents may be Disclosed only to the following persons and only to the extent such persons have a legitimate need to know the particular Employment-Related Documents Disclosed to them:

(a)      Persons employed by the Court and jury in connection with the handling of this action;

(b)      Attorneys of Record;

(c)      Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

(d)      Current employees, officers, partners or directors, representatives, and agents of the Parties;

(e)      Former employees, officers, partners, or directors of the Parties who are potential witnesses or deponents, to the extent the Attorneys of Record determine in good faith that such Disclosure is required to assist in the prosecution, defense, or resolution of this action on a need-to-know basis;

(f)      Outside experts or consultants, to the extent the Attorneys of Record determine in good faith that such Disclosure is required to assist in the prosecution, defense, or resolution of this action on a need-to-know basis, provided that prior to any Disclosure, the

Attorney of Record must obtain such expert's or consultant's agreement to the Non-Disclosure

Agreement described in paragraph 5 below.

(g)    Certified shorthand reporters and videotape operators for the purposes of

recording the testimony of deposition witnesses and preparing a written or videotaped record of

testimony;

(h)    Independent copying services, independent computer consulting and

support services, independent translators, independent exhibit makers, and other independent

litigation support services retained for purposes of this litigation;

(i)    Any person who is the author or addressee of any Document or a person

who, as a matter of record, has actually received any Document designated as an Employment-

Related Documents other than through discovery or through attorney-client communications

relating to litigation or legal advice; and

(j)    Any other person who is designated by written stipulation of the Parties to

have access to Employment-Related Documents, or by order of the Court after notice to all

Parties upon a showing of good cause why such person shall be so designated and opposing

parties have had an opportunity to be heard in opposition thereto.

5.    Before Disclosing any Employment-Related Documents to any person specified

in paragraphs 4(d), (e), (f), (i), and (j), above, discovering counsel shall advise said persons of

this Order and said person must agree in writing to the Non-Disclosure Agreement attached

hereto as Exhibit A, which states that such persons agree (1) to be bound by the terms hereof, (2)

to maintain and receive Employment-Related Documents in confidence, and (3) not to Disclose

the received Employment-Related Documents to anyone other than in accordance with the terms

of this Order.  Each party shall maintain a file containing such certifications and upon request,

forward those certifications to the Producing Party within ten (10) days of such request, except outside experts or consultants. The Non-Disclosure Agreements for experts and consultants shall be handled in the manner described in paragraph 4(f).

6.     During a deposition, counsel for any party may exclude from the room during any portion of a deposition any person not entitled under this Order to receive Employment-Related Documents while such materials are being Disclosed and/or discussed.

7.     By making any such Employment-Related Documents available during the course of this litigation, the Producing Party does not waive any confidential protection that might otherwise be afforded over those materials. Furthermore, by designating any Documents as "Employment-Related Documents," the Parties do not acknowledge that any such Employment-Related Documents are relevant or discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively, to resist discovery of, any material in this action.

8.     If a party receiving Employment-Related Documents desires to Disclose any part of them in any manner not in accordance with the terms of this Order, the party seeking to make such Disclosure shall obtain the written agreement of the Producing Party to so proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court.

9.     This Order is without prejudice to any party's right to assert the attorney-client, work-product or other privileges or doctrines. Any designated Employment-Related Documents shall remain as such under the terms of this Order until the Court makes a determination otherwise.

10.    Nothing in this Order restricts or affects the rights of the Producing Party to use or disclose any Employment-Related Documents produced by such party.

11.    At the conclusion of this litigation, including any appeals from any judgment or order entered by the Court and any retrial, at the request of the Producing Party, the receiving party shall forward all executed Non-Disclosure Agreements to the Producing Party within thirty (30) days and, at its option, within thirty (30) days either: (1) destroy all received Employment-Related Documents by such party and shall certify in writing that such destruction has occurred; or (2) return all received Employment-Related Documents to the Producing Party and certify in writing that all such Employment-Related Documents have been returned.  If the Producing Party is not notified of which option the discovering party has chosen, it will be presumed that option (1) was chosen.  Upon written request of the Producing Party, the discovering party shall confirm that one of the foregoing options has been implemented. However, notwithstanding any other provision of this paragraph, all Employment-Related Documents shall remain subject to this Order.

12.    This Order shall be without prejudice to the right of the Parties or any third person to request additional protection under applicable laws for discovery requests hereafter by any party.

13.    This Order shall continue to be binding after the conclusion of this litigation.  The Court shall retain jurisdiction to enforce this Order.

14.    Nothing in this Order shall be construed (a) as preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party or (b) as preventing a party from continuing to use any information known or used by it if such information is lawfully obtained by the party other than

through discovery of the producing party.  Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of a non-producing party.

15.    Any Employment-Related Documents submitted to the Court in support of any motion or for purposes of trial shall be filed under seal, except to the extent that an Employment-Related Document is a trial exhibit which the Court has deemed admissible into evidence or as otherwise agreed by the parties.

**APPROVED   AND   SO   ORDERED   ON   THIS   THE   ____   DAY   OF _____, 2007.**

_____
U.S. DISTRICT COURT JUDGE

## NON-DISCLOSURE AGREEMENT

I, _____, hereby certify my understanding that Employment-Related Documents are being provided to me pursuant to the terms and restrictions of an Order entered by order of the United States District Court for the Middle District of Alabama in connection with an action entitled *Andrea Bell v. O'Reilly Automotive, Inc.,* Civil Action No. 2:06-cv-00223-SRW.

I further certify that I have been provided a copy of and have read the Order and hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Order.  I understand that violation of the Order is punishable as contempt of court.


Dated: _____                              _____
                                                                        Signature