### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| ANDREA BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-00223-SRW |
| | ) | |
| O'REILLY AUTOMOTIVE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### AFFIDAVIT OF DOLAN E. GOLDEN, JR.

STATE OF ALABAMA

COUNTY OF MOBILE

Personally appeared before me, the undersigned Notary Public, in and for said State and County, DOLAN E. GOLDEN, JR., who is known to me and who by me being duly sworn, deposes and says as follows:

1. My name is Dolan E. Golden, Jr. I have personal knowledge of the facts stated in this Affidavit.

2. I became employed with O'Reilly Automotive, Inc. ("O'Reilly") in September, 2003 and became District Manager for District No. 109 in March 2005. O'Reilly Store No. 1126 is located in District No. 109.

3. I remember Andrea Bell, a former employee of O'Reilly Store No. 1126, and I recall the circumstances of her termination by O'Reilly. She became employed with O'Reilly as a Delivery Specialist in February 2005.

4. In June 2005, I learned that Chris McClenny, Manager of Store No. 1126, had been keeping Ms. Bell in the store so as not to make as many deliveries because she had told him



EXHIBIT
C



that she could not lift the heavier items. I recall being informed that other O'Reilly employees were having to assist Ms. Bell to perform some of her Delivery Specialist job duties which involved the lifting of heavier items. Shortly thereafter I was informed by Mr. McClenny that Ms. Bell was on thirty-pound lifting restrictions per her physician's order.

7.      I did not have any knowledge of Ms. Bell's restrictions until Mr. McClenny informed me of the same. When James Wordlaw was Manager of Store No. 1126 (immediately prior to Mr. McClenny becoming the Manager), he never informed me of Ms. Bell having any work restrictions.

8.      Ms. Bell could not fulfill the requirements of her job and she was not eligible for any form of leave of absence under O'Reilly's leave of absence policies in June 2005 because she had not been employed with O'Reilly for six months at that time. I recall that Corporate Team Member Relations determined that Ms. Bell's employment would be separated since she could not perform her job and she was not eligible for a leave of absence. The decision to terminate Ms. Bell was that of Corporate Team Member Relations, not mine or Mr. McClenny's. Indeed, neither I nor Mr. McClenny were involved in the decision to terminate Ms. Bell.

9.      I never indicated to anyone that Ms. Bell was terminated because she was pregnant or for any reason related to her gender. Moreover, no one ever indicated to me that Ms. Bell was terminated because she was pregnant or for any reason related to her gender. Although I was not involved in the decision to terminate Ms. Bell, to my knowledge, Ms. Bell was terminated because she could not perform her job and she was not eligible for a leave of absence.

Further affiant sayeth not.

DOLAN E. GOLDEN, JR.

Sworn to and subscribed before me this 3rd day of February, 2007.

_____
NOTARY PUBLIC - STATE AT LARGE

My commission expires: 5/31/09